J-S44041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE ALAN SIGMAN | : | |
| | : | |
| Appellant | : | No. 716 MDA 2020 |

Appeal from the PCRA Order Entered April 17, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004585-2012

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED OCTOBER 22, 2020**

Shane Alan Sigman (Appellant) appeals, *pro se*, from the order entered in the Lancaster County Court of Common Pleas dismissing his fourth petition for collateral relief filed pursuant to the Post Conviction Relief Act[1] (PCRA). On appeal, he challenges the legality of his sentence and alleges the trial court erred by imposing costs of prosecution and restitution without conducting a hearing to determine his ability to pay. Appellant also argues that the court's subsequent modification of his restitution violates his due process rights. We affirm.

The Commonwealth presented the following allegations of facts at Appellant's guilty plea hearing:

> On August 1, 2012, at approximately 8:23 p.m., members of the Pennsylvania State Police [(PSP)] were dispatched to 410A

---

[1] 42 Pa.C.S. §§ 9541-9546.

Truce Road in Providence Township. The nature of the dispatch was for a report of a domestic [dispute] that was active.

Upon arrival at the residence, troopers did locate [Appellant] and also a female in the living room of the residence lying on the floor. The female did have blood on her face and was deceased. She was identified as the victim[.]

Also that day[,] a neighbor was spoken to by PSP who related that she was outside the residence and saw a 12-year-old neighbor girl, [who] was identified as the victim's daughter in this case, climbing the fence in their yard and frantically yelling for help. She [ ] did state that inside the residence [Appellant] had pushed her mom down the steps and had then kicked her in the face and mouth area.

It was determined during the course of the investigation that there were also two seven-year-old boys present inside the residence at the time of this domestic [dispute], one of [whom] was the victim's son and one of [whom] was [Appellant's] son.

[Appellant] was interviewed the following day . . . at which time he did admit to pushing his girlfriend which did result in her falling down the wooden flight of steps. [Appellant] also advised that during the argument that he did also kick the 12-year-old girl.

On August 3rd of 2012, an autopsy . . . [ruled] the cause of death was traumatic head and neck injuries and the manner of death was homicide. . . .

N.T., Guilty Plea H'rg, 7/8/13, at 28-30.

On July 8, 2013, Appellant entered an open guilty plea to one count each of third-degree murder and simple assault.[2] On September 30, 2013, the trial court sentenced Appellant to an aggregate term of 15 to 30 years'

_____

[2] 18 Pa.C.S. §§ 2502(c), 2701(a)(1).

incarceration, and ordered to him to pay $7,219.07 in restitution and the costs of prosecution, but no fines.[3] The trial court explained to Appellant, "[t]hat restitution figure may be increased upon petition of the Commonwealth should there be additional counseling that's required." *Id.* Appellant did not file a post-sentence motion or a direct appeal.

On November 22, 2013, the Commonwealth petitioned the trial court to modify sentence and add $585 to the amount of restitution, for a total amount of $7,804.07, for counseling sessions for the children.[4] Commonwealth's Motion to Modify Sentence, 11/22/13, at 1-2 (unpaginated). On November 25th, the trial court directed Appellant to respond to the Commonwealth's motion, but he did not respond. On December 30th, the trial court entered an order amending Appellant's total restitution amount to $7,804.07

On March 12, 2014, the Commonwealth filed another motion to modify restitution, requesting an additional $880 to be paid to the Pennsylvania Department of Revenue, Victim Compensation Assistance Program for additional counseling expenses paid on the children's behalf. Commonwealth's Motion to Modify Sentence, 3/2/14, at 1-2 (unpaginated).

_____

[3] The trial court did not impose a fine. N.T. Sentencing H'rg, 9/30/13, at 26.

[4] *See* 18 Pa.C.S. § 1106(c)(3) ("The court may, **at any time or upon the recommendation of the district attorney** that is based on information received from the victim [or] the probation section . . . **alter or amend any order of restitution** . . . provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.") (emphasis added).

The trial court directed Appellant to respond within 20 days, but he did not do so.

The Commonwealth filed a third motion to modify sentence on April 20, 2015, requesting an additional $1,107.57 for counseling expenses paid on the children's behalf. Commonwealth's Motion to Modify Sentence, 4/20/15, at 1-2 (unpaginated). The total amount of restitution requested was $9,791.64. On April 22, 2015, the trial court entered an order directing Appellant to pay a restitution total in the amount of $9,791.64.

On May 7, 2015, Appellant sent *pro se* correspondence to the trial court, objecting to the modification of his restitution amount. The trial court treated this correspondence as Appellant's first PCRA petition and appointed Diana C. Kelleher, Esquire, to represent him, but counsel subsequently filed a motion to withdraw. On January 4, 2016, following Pa.R.Crim.P. 907 notice, the PCRA court dismissed Appellant's PCRA petition without a hearing and granted counsel leave to withdraw. Appellant did not appeal to this Court.

On February 8, 2018, Appellant filed a second, *pro se* PCRA petition. After issuing a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed his second PCRA petition as untimely on July 10, 2018. Appellant filed a *pro* se notice of appeal, but subsequently discontinued his appeal on August 22, 2018. **Commonwealth v. Sigman**, 1257 MDA 2018.

On September 12, 2018, Appellant filed a third, *pro se* PCRA petition. The PCRA court issued a notice of intent to dismiss pursuant to Pa.Crim.P.

Rule 907, to which Appellant responded,[5] and on December 11, 2018, it dismissed Appellant's third PCRA petition. Appellant appealed to this Court, which affirmed. ***Commonwealth v. Sigman***, 85 MDA 2019 (unpub. memo.) (Pa. Super. Sept. 24, 2019).

On February 2, 2020, Appellant filed the underlying "Petition for Hearing to Determine Ability to Pay Fines, Cost and Restitution." In this petition, Appellant claimed the trial court erred by failing to conduct a hearing to determine his ability to pay fines,[6] costs, and restitution at sentencing. Appellant claims the Pennsylvania Department of Corrections' deductions from his income to pay for restitution violates his rights under the Fourteenth Amendment to the United States Constitution. Appellant requested the court to vacate the imposition of his fines, costs, and restitution, and schedule a hearing to determine his ability to pay. ***See*** Appellant's Petition for Hearing to Determine Ability to Pay Fines, Cost & Restitution, 2/2/20, at 1-3.[7]

---

[5] On October 30, 2018, Appellant filed a *pro se* petition, requesting recusal of the PCRA court judge. The petition was denied on December 3, 2018. Appellant also filed a petition to stay proceedings on November 30, 2018, because there had been no ruling on his petition to remove the PCRA court judge, and he was awaiting the release of Department of Corrections ("DOC") mental health records, which he needed before responding to the Rule 907 notice. This petition was also denied on December 3, 2018.

[6] As noted above, however, the trial court did not impose any fine.

[7] Appellant did not raise a timeliness exception in this petition.

The PCRA court treated this petition as his fourth PCRA petition. The court issued a notice of intent to dismiss the instant petition on March 5, 2020, stating that the PCRA petition was untimely and the issues were waived. Appellant timely filed a response on March 12th, arguing the court erred by treating his petition as a PCRA petition and not as a petition for a hearing to determine his ability to pay restitution. On April 15th, the PCRA court dismissed the instant petition.[8] On April 28th, Appellant filed a timely notice of appeal. The PCRA court ordered Appellant to file a Rule 1925(b) statement, and he timely complied.

Appellant presents eight issues for our review:

1. Did the trial court err[ ] in denying the motion for hearing to determine ability to pay fines, cost, and restitution[?]

2. Did the court fail to follow rule 705.1 Restitution[?]

3. Did the court fail to determine and take into account [Appellant's] ability to pay and financial resources and burden that it places in him[?]

4. Did the court follow Statute [sic] and rules of court at sentencing[?]

5. Did the sentencing court specify when payments were to begin?

6. Is there issue of legality of sentence[?]

7. Was restitution amended after the sentencing of [Appellant]?

8. Can Restitution be [c]hallenged at any time?

---

[8] We note Appellant filed a fifth PCRA petition on April 16, 2020, alleging the same issues he does in this instant appeal.

- 6 -

Appellant's Brief at 2.

For ease of disposition, we address all of Appellant's arguments together. Appellant challenges the legality of his sentence and avers the trial court erred by imposing costs and restitution without determining his ability to pay. Appellant contends the trial court violated his due process rights by not specifying the amount of restitution and leaving it "open" prior to sentencing; sentencing him to pay restitution without conducting a hearing to determine his ability to pay; and then subsequently increasing the costs of restitution. Appellant's Brief 7-9.

Our standard of review regarding the dismissal of a PCRA petition is as follows: "[i]n reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error . . . ." *Commonwealth v. Goodmond*, 190 A.3d 1197, 1200 (Pa. Super. 2018) (citation omitted).

Further, Section 9542 of the PCRA states in relevant part: "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. "[A]ll motions filed after a judgment of sentence is final are to be construed as PCRA petitions." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011). "The PCRA timeliness requirement . . . is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013).

In order to be considered timely filed, a PCRA petition, including a second or subsequent petition, must be filed within one-year of when a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). If a defendant does not file a direct appeal, their judgment of sentence becomes final when the 30-day period for filing a direct appeal to this Court expires. **Commonwealth v. Ruiz**, 131 A.3d 54, 59 (Pa. Super. 2015); **see also** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004).

Nevertheless, a PCRA petition may be filed after the general one-year filing period if the petitioner pleads and proves, *inter alia*, the statutory exception set forth at 42 Pa.C.S. § 9545(b)(1)(ii):

the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(ii). **See Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (summarizing three PCRA timing exceptions: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."). A petition invoking an exception to the time-bar must be filed within one-year of the date that the claim could have been presented.[9] 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that one of the exceptions exists. **Commonwealth v. Whitehawk,** 146 A.3d 266, 269-70 (Pa. Super. 2016).

Here, Appellant's judgment of sentence became final on October 30, 2013, 30 days after his judgment of sentence on September 30, 2013, because no direct appeal was filed. **See** 42 Pa.C.S. § 9545(b)(3); **Ruiz**, 131 A.3d at 59. Appellant generally had one-year, until October 30, 2014, to file a PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). However, Appellant's

---

[9] Section 9545(b)(2) was amended on October 24, 2018, to expand the time for invoking an exception from 60 days to one-year. This amendment affects claims arising on or after December 24, 2017, and thus applies to the instant PCRA petition, filed on April 26, 2019.

- 9 -

underlying petition was not filed until February 2, 2020, more than five-years later. Therefore, the motion is untimely unless one of the exceptions of Section 9545(b)(1) applies.

For the first time on appeal, it appears that Appellant is attempting to assert a newly discovered fact exception to the PCRA time-bar. However, it seems Appellant is attempting to use this exception to challenge the voluntariness of his guilty plea. Appellant alleges this "new evidence" concerns an email, from the Assistant District Attorney to the assistant of Appellant's trial counsel that Appellant never received in discovery. In this email, the Assistant District Attorney stated she would not reveal the identity of a confidential informant. Appellant contends that by not being provided this information, he "cannot make [a] reasonable fully informed and educated decision to the [p]lea he took." Appellant's Brief at 11.[10]

_____

[10] Appellant attached this email as "Attachment (1)" to his brief. This email states in relevant part:

> I am not going to reveal the identity of the prison informant unless we are going to trial. However, the information sent to county detectives was a summary of what [Appellant] has been stating to the prison informant:
>
> > "[Appellant and the victim] were both drinking when they began fighting in the upstairs . . . when she went to leave and go downstairs he pushed her from behind and down the stairs . . . he then acted as if he blacked out and didn't remember anything so that he might be able to minimize his punishment . . . he didn't mean for her to die, but he did mean to push her down the steps . . . he was an EMT . . .

Prior to addressing Appellant's claims of exceptions to the PCRA time bar, we must first determine whether these contentions have been preserved. Issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal. **Commonwealth v. Rainey**, 928 A.2d 215, 226 (Pa. 2007). **See also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Furthermore, as our Supreme Court has explained: "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pa.R.A.P.] 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Hill,** 16 A.3d 484, 494 (Pa. 2011) (emphases omitted).

Here, Appellant did not invoke any of the PCRA's timeliness exceptions in his "Petition for Hearing to Determine Ability to Pay Fines, Cost & Restitution." Indeed, in his response to the PCRA court's Rule 907 notice, Appellant averred the PCRA court erred in reviewing his petition under the PCRA. However, Appellant's Rule 1925(b) statement reflects the following issues:

> 1. Did the court follow Statue [sic] and Rules of court at [sentencing?]

---

> he told me he knew she was dead as soon as he checked on her at the bottom of the steps . . . "

Appellant's Brief, Attachment 1, Email from Christie Wilson, 5/6/13.

2. Is [Appellant] able to contest or address a modification of restitution, cost, fines at any time?

3. Was [Appellant's financial] means and ability to pay taken into account and pre-depravation [sic] hearing held?

4. Did the sentencing court specify when the payment[s] are to begin to whom [sic], and for what exactly and if restitution was part of punishment and or sentence or part of probation?

5. Did the court err[ ] and treat the petition as a PCRA and it was not?

Appellant's Concise Statement of Errors, 5/29/20, at 1.

Appellant has failed to include in his Pa.R.A.P. 1925(b) statement the claims he maintains establish exceptions to the PCRA time-bar. Since these issues are not included in his Pa.R.A.P. 1925(b) statement, and were not raised before the PCRA court, those issues are waived. **See Hill**, 16 A.3d at 494; **Rainey**, 928 A.2d at 226. Thus, Appellant has failed to establish an exception to the PCRA time-bar. Furthermore, we would agree with the PCRA court that the instant petition was properly treated as a PCRA petition. **See Taylor**, 65 A.3d at 466.

Moreover, not only is this petition untimely, but Appellant's claims were also previously litigated. **See** 42 Pa.C.S. § 4543(a)(3) (stating that to be eligible for relief under this subchapter the petitioner must prove that the allegation of error has not been previously litigated or waived). In his May 7, 2015, correspondence to the trial court, which the court construed as his first PCRA petition, Appellant objected to modifications to his restitution amount.

The PCRA court denied that petition on January 4, 2016, and Appellant did not file a notice of appeal. The crux of Appellant's argument in the instant matter mirrors that of his first PCRA petition. Thus, Appellant is not entitled to relief.

We note that although Appellant argues he received an illegal sentence, this claim cannot be raised in an untimely PCRA petition. *See Taylor*, 65 A.3d at 465 ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition."). We agree with the PCRA court that it lacked jurisdiction to address the claims presented. *See Taylor*, 67 A.3d at 1248. We thus affirm the order dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2020